Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
2200 Southwest Freeway, Suite 550
Houston, Texas 77098
Tel: 713-481-3040
Fax: 713-588-8683
*Counsel of Record for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Maria Del Carmen Molina De Cruz,<br><br>*Plaintiff*,<br><br>v.<br><br>Chad F. Wolf, Acting Secretary of the U.S. Department of Homeland Security; Kenneth T. Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services; Laura B. Zuchowski, Vermont Service Center Director of the U.S. Citizenship and Immigration Services,<br><br>*Defendants*. | Case No. 4:20-cv-1593<br><br><br>Date: May 6, 2020 |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

This is a complaint for relief under the Administrative Procedure Act ("APA"). The Plaintiff, Maria Del Carmen Molina De Cruz, files the instant complaint against Defendants because the U.S. Citizenship and Immigration Services ("USCIS" or "Service"), a federal agency within the Department of Homeland Security ("DHS"), violated the APA when it denied Plaintiff's I-821, Application for Temporary Protected Status ("TPS"). *See* Exhibit 1—USCIS Decision. More specifically, the USCIS, in determining that Plaintiff was not eligibile for late-registration TPS, acted arbitrarily, capriciously, and erred as a matter of law. *Id.*

Plaintiff seeks *de novo* review of the USCIS's final agency decision; seeks a declaratory judgement that the USCIS acted arbitrarily, capriciously, and not in accordance with the law when it denied Plaintiff's late TPS application; and seeks relief under the APA to compel the USCIS to reopen and to readjudicate her late TPS application by applying a proper legal standard and in accordance with the statute and the federal regulaitons.

The instant action is being filed against the following Defendants: Chad F. Wolf, in his official capacity as the Acting Secretary of the DHS; Kenneth T. Cuccinelli, in his official capacity as the Acting Director of the USCIS; and Laura B. Zuchowski, in her official capacity as the Vermont Service Center Director of the

USCIS.

## I. INTRODUCTION

1. As per the Code of Federal Regulations ("C.F.R."), an alien is eligible for late TPS registration if she meets certain requirements, as noted further below. *See* 8 C.F.R. § 244.2(f)(2). Plaintiff in this case maintains that she is eligible for late TPS registration because she meets all of these requirements.

2. Plaintiff submits that the findings of the USCIS that Plaintiff was ineligible for late TPS registration runs contrary to the facts of Plaintiff's case and is contrary to law. As such, its decision is one that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law. Relief under the APA is thereby the proper remedy.

3. Plaintiff seeks an order declaring that the final agency decision by the USCIS to deny her TPS application, on the grounds that Plaintiff is not eligible for late TPS registration was arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with the law.

4. Additionally, Plaintiff seeks an order from this Court compelling the USCIS to reopen and readjudicate her TPS application by properly applying the statute and the federal regulations to the clear facts of this matter, contained in the administrative record.

5. Plaintiff has exhausted her remedies in this case and is not required to do

anything further. The USCIS's decision to deny Plaintiff's TPS application was already requested to be reopened and reconsidered by the Plaintiff, but it was ultimately denied. *See* Exhibit 2—Denial of Motion. Therefore, Plaintiff has no other avenues for relief and can only bring this suit under the APA before this Court. *See Darby v. Cisneros*, 509 U.S. 137, 147 (1993); *see also* 5 U.S.C. § 704.

## II.  JURISDICTION AND VENUE

6. This action arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, and the APA, 5 U.S.C. §§ 701 *et seq*. Because this action arises under the federal laws of the United States, subject-matter jurisdiction is proper under 8 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because the Defendants are officers or employees of the United States, Plaintiff resides in Houston, Texas, and no real property is involved in this action.

## III.  PARTIES

8. Plaintiff, Maria Del Carmen Molina De Cruz, is a resident of Houston, Texas.

9. Defendant, Chad F. Wolf, is the Acting Secretary of the DHS. He is sued in his official capacity. He may be served at 2707 Martin Luther King Jr. Ave. SE, Washington, D.C. 20528-0485.

10. Defendant, Kenneth T. Cuccinelli, is the Acting Director of the USCIS. He is

sued in his official capacity. He may be served at 20 Massachussetts Ave. NW, Room 4210, Washington, D.C. 20529.

11. Defendant, Laura B. Zuchowski, is the USCIS Vermont Service Center Director. She is sued in her official capacity. She may also be served at 20 Massachussetts Ave. NW, Room 4210, Washington, D.C. 20529.

## IV. STATUTORY AND REGULATORY BACKGROUND

12. Under 8 U.S.C. § 1254a(a)(1), an alien who is a foreign national of a country designated by the Attorney General may be granted TPS and the alien shall not be removed from the United States.

13. To be eligible for TPS, the alien must meet the following requirements: (1) the alien must be continuously physically present in the United States since the effective date of the most recent designation of the state to which he or she is a national of; (2) the alien has resided in the United States continuously since the date the Attorney General designates his or her country; (3) the alien is admissible as an immigration and is otherwise not rendered ineligible for TPS by virtue of committing certain criminal offenses; and (4) the alien registers for TPS during a registration period of not less than 180 days. *See* 8 U.S.C. § 1254a(c)(1)(A).

14. Pursuant to 8 C.F.R. § 244.2(f)(2), an alien who has not filed for TPS during the initial registration period, may file a late application for registration if she

meets one of the following requirments: (1) the applicant is a nonimmigration or has been granted voluntary departure status or any other relief from removal; (2) the applicant has an application for change of status, adjustment of status, asylum, voluntary departure, or any relief from removal which is pending or subject to further review or appeal; (3) the application is a parolee or has a pending request for reparole; *or* (4) the applicant is a spouse or child of an alien currently eligible to be a TPS recipient.

15. If the USCIS denies a TPS application finding that an individual is ineligible for TPS, it would be considered the final agency action in the case. As such, no administrative remedies would be left available to an applicant and the only option is to judicially assert a violation under the APA. *See* 5 U.S.C. §§ 702, 704.

16. "Agency action" is defined to include the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act. 5 U.S.C. § 551(13).

17. The reviewing court is authorized to compel action by an agency, and hold its actions unlawful and set aside agency action, findings, and conclusions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

## V.    FACTUAL BACKGROUND

18. Effective March 1, 2003, the DHS assumed responsibility for the functions of the agency formerly known as the "Immigration and Naturalization Service." The Secretary of DHS is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." 8 C.F.R. § 2.1.

19. The USCIS is a bureau within the DHS and delegated supervisory authority over all operations by the Secretary of DHS. *Id.* The USCIS is responsible for accepting and adjudicating all applications for TPS, except in specific circumstances not relevant here.

20. The USCIS Vermont Service Center is an agency within the DHS and delegated supervisory authority over all operations by the Secretary of DHS. *Id.* The USCIS Vermont Service Center is the office with jurisdiction over the denial of Plaintiff's TPS application.

21. Plaintiff is a native and citizen of Honduras. *See* Exhibit 3—Notice to Appear. She was placed in removal proceedings on October 15, 1998 and her case was administratively (temporarily) closed by an Immigration Judge on July 12, 1999. *See* Exhibit 4—Decision of the Immigration Judge. Plaintiff's case remains administratively closed at this time.

22. On September 4, 2018, Plaintiff filed her late TPS application. *See* Exhibit 1,

*supra*. Subsequently, on January 30, 2018, the USCIS sent Plaintiff a request for evidence asking that she provide: (1) further evidence establishing her TPS registration; (2) information relating to her criminal record; and (3) Plaintiff's original birth certificate from Honduras. *See* Exhibit 5—Request for Evidence.

23. Plaintiff timely responded to the USCIS's request, but her TPS application was denied on June 5, 2019. *See* Tab A, *supra*. In its denial, the USCIS determined that Plaintiff failed to establish her eligibility for late TPS registration and that she failed to provide an authentic and original birth certificate. *Id*.

24. Believing that the USCIS improperly denied her late TPS application, Plaintiff filed a Form I-290B, Motion to Reopen and Reconsider with the USCIS, pursuant to 8 C.F.R. § 103.5(a). *See* Exhibit 2, *supra*. However, on March 6, 2020, the USCIS denied the motion and affirmed its prior denial, by holding that Plaintiff failed to meet her eleigibility for relief sought, as outlined under 8 C.F.R. § 244.2(f)(2). *Id*.

25. Given the Service's latest denial, Plaintiff has no other avenues for relief. Accordingly, she now files the present action requesting that this Court compel the USCIS to reopen and readjudicate her case, based on the proper application of the relevant legal standard to the facts of this case.

## VI.   CLAIMS FOR RELIEF

26. Plaintiff incorporates by reference the allegations in paragraphs 1-25.

27. Plaintiff contends that under the APA, the USCIS's denial of her TPS application, and subsequent denial of her motion to reopen and reconsider was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

28. The U.S. Supreme Court has held that an agency's actions may be considered arbitrary, capricious, or an abuse of discretion if said actions inexplicably depart from the agency's own course of adjudication, regulations, or policies. *See INS v. Yang*, 519 U.S. 26, 32 (1996) ("Though an agency's discretion is unfettered at the outset, if it announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as 'arbitrary, capricious, [or] an abuse of discretion.'").

29. In this case, the USCIS irrationally departed from its own regulations and erred as a matter of law by finding that Plaintiff is ineligible for late TPS registration.

30. As noted above, an alien is eligble for late TPS registration if he or she has met at least one of the requirements outlined under 8 C.F.R. § 244.2(f)(2). In

particular, one can satisfy it by establishing that "[t]he applicant has an application for change of status, adjustment of status, asylum, voluntary departure, *or any relief from removal which is pending or subject to further review or appeal.*" *See* 8 C.F.R. § 244.2(f)(2)(ii) (emphasis added).

31. In the case at bar, as noted above, Plaintiff was placed in removal proceedings that were subsequently administratively closed. *See* Exhibit 3—4, *supra*.

32. Administrative closure has been described as "a docket management tool that is used to temporarily pause removal proceedings." *See Matter of W-Y-U-*, 27 I&N Dec. 17, 18 (BIA 2017). Similarly, it acts as a way to "remove a case from an Immigration Judge's active calendar." *See Matter of Avetisyan*, 25 I&N Dec. 688, 692 (BIA 2012). Therefore, while Plainitff's removal case is administratively closed, her proceedings are still pending, although paused and not on the active docket. *See id.*

33. An administrative closure does nothing to affect Plaintiff's rights to seek relief from removal or her rights to appeal the denial of relief sought. *See* 8 U.S.C. §§ 1229a(b)(4); 1229a(c)(5).

34. Furthermore, some forms of relief can be requested only at the conclusion of removal proceedings, such as post-conclusion voluntary departure. *See* 8 U.S.C. § 1229c(b)(1). As such, while Plaintiff's case remains administratively closed, she is simply unable to perfect her request for this form of relief.

10

       Therefore, such relief from removal is still pending and, if denied by the Immigration Judge, can be subject to further review or appeal. *See* 8 U.S.C. § 1229a(c)(5). Accordingly, Plaintiff respectfilly maintains that she does satisfy a requirement for late TPS registration as an "applicant [who] has an application for change of status, adjustment of status, asylum, voluntary departure, or any relief from removal which is pending or subject to further review or appeal." *See* 8 C.F.R. § 244.2(f)(2)(ii). By holding to the contrary, the USCIS acted against the statute and its own regulations and, as a result, acted arbitrarily, capriciously, abused its discretion, and erred as a matter of law.

35. In sum, given the law and evidence presented herein, Plaintiff maintains that judicial review under the APA is proper in this case.

## VII. EXHAUSTION

36. Plaintiff incorporates by reference the allegations in paragraphs 1-35.

37. As noted above, Plaintiff is not required to exhaust her administrative remedies with respect to the denial of her TPS application because she is contesting a "final" agency action that is subject to judicial review under the APA.

38. The language of 5 U.S.C. § 704 states that an agency action is "final" without regard to whether an alien seeks reconsideration or appeal to a higher agency

authority, *unless* there is a statute or regulation that requires the alien to file an appeal and the agency action is inoperative during the appeal.

39. In this case, Plaintiff filed her TPS application and then appealed it through the appropriate channels by filing an I-290B, Motion to Reopen and Reconsider. *See* Exhibits 1 and 2, *supra*. Therefore, when the USCIS issued its decision to deny Plaintiff's TPS application and subsequent motion it was a "final" agency action for purposes of the APA. *See Darby*, 509 U.S. at 137. As such, there is no judicially-imposed exhaustion requirement and judicial review is proper before this Court.

## VIII. CONCLUSION

40. For the aforementioned reasons, the decision to deny Plaintiff's TPS application and subsequent motion was arbitrary, capricious, an abuse of discretion, and not in accordance with the law. Judicial review by this Court is therefore warranted under the APA.

## IX. PRAYER FOR RELIEF

41. Wherefore, Plaintiff respectfully requests that this Court:

   a. accept jurisdiction and venue as proper;

   b. issue a declaratory judgment that the denial of Plaintiff's TPS Application was arbitrary, capricious, an abuse of discretion, and not in accordance with the law;

   c. issue an order under the APA to compel the USCIS to reopen and

adjudicate Plaintiff's TPS application by applying the correct legal standard to the facts of her case;

d. grant reasonable attorney's fees, expenses, and costs of court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

e. grant Plaintiff all other relief as the Court may deem just and proper.

Respectfully submitted,

GONZALEZ OLIVIERI LLC

*/s/ Raed Gonzalez*

_____

Raed Gonzalez, Esq.
*Counsel of Record for Plaintiff*
Texas Bar No. 24010063
2200 Southwest Freeway, Suite 550
Houston, TX 77098
Phone: (713) 481-3040,
Fax: (713)588-8683
rgonzalez@gonzalezolivierillc.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Maria Del Carmen Molina De Cruz, *Plaintiff*, v. Chad F. Wolf, Acting Secretary of the U.S. Department of Homeland Security; Kenneth T. Cuccinelli, Acting Director of the U.S. Citizenship and Immigration Services; Laura B. Zuchowski, Vermont Service Center Director of the U.S. Citizenship and Immigration Services, *Defendants*. | Case No. 4:20-cv-1593<br><br>Date: May 6, 2020 |

## INDEX OF EXHIBITS

Exhibit 1—USCIS Decision
Exhibit 2—Denial of Motion
Exhibit 3—Notice to Appear
Exhibit 4—Decision of the Immigration Judge
Exhibit 5—Request for Evidence